UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK STREETER, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:16-cv-4314 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| SEMTECH CORPORATION and ) | |
| TRIUNE SYSTEMS, LLC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On May 31, 2016, Plaintiff filed an Amended Complaint [12], alleging one count of breach of contract and one count of breach of fiduciary duty. Defendants have filed a Motion to Dismiss [17] the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, Defendants' Motion to Dismiss [17] is granted.

## BACKGROUND

The following allegations in the Amended Complaint are considered to be true for purposes of deciding the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Plaintiff, Mark Streeter, is a resident of the Village of Northbrook, Illinois. (Am. Compl. at ¶ 1.) Defendant Triune Systems, LLC was a Texas corporation and existed as such from 2006 to 2015. (*Id.* at ¶¶ 2, 10.) Defendant Semtech Corporation is a Delaware corporation based in California and sells its products worldwide including the metropolitan area of Chicago. (*Id.* at ¶ 4.) In March 2015, Semtech acquired Triune. (*Id.* at ¶¶ 9, 10.)

In early November of 2012, Plaintiff and Triune allegedly entered into an oral agreement, whereby Plaintiff sold Triune's electronic products to customers based upon leads provided by Triune. (*Id.* at ¶ 5.) In exchange, Plaintiff would receive a base salary and commissions, and equity within Triune, which would be approximately 0.5 percent of outstanding shares of Triune. (*Id.*) This agreement was modified by Triune and Plaintiff. (*Id.* at ¶ 6.) The amended agreement gave Plaintiff no base salary, but Plaintiff would receive an equity interest in Triune in an amount of 2.5 percent of the outstanding shares. (*Id.*) The agreement was unilaterally terminated by Triune in February of 2014. (*Id.* at ¶ 8.) In March 2015, Triune was sold to Semtech for approximately $45 million. (*Id.* at ¶ 10.) Plaintiff never received any equity amount upon completion of the sale. (*Id.* at ¶ 9(B).)

Plaintiff filed an Amended Complaint ("Complaint"), alleging one count of breach of contract and one count of breach of fiduciary duty against Triune and Semtech.

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)

(quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

**ANALYSIS**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). As the Court held in *Twombly,* the pleading standard of Rule 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

*Count I (Breach of Contract)*

The Complaint is devoid sufficient factual allegations and stops short of the line between possible and plausible. The Complaint states ". . . Triune Systems, Inc., and [Plaintiff] entered into an oral sales agreement whereby [Plaintiff] would sell Triune electronic products based in part upon leads provided by Trinune [*sic*], in exchange for [Plaintiff] to receive a base salary, commissions based upon sales, and equity within Triune which would be approximately .5% of outstanding shares of Triune." (Compl. at ¶ 5.) The Complaint also states, "The agreement was subsequently modified by Triune and [Plaintiff] for [Plaintiff] to take no base salary and receive an equity interest in Triune in an amount of 2.5% of the outstanding shares." (*Id.* at ¶ 6.)

"In Illinois, as elsewhere, a breach-of-contract claim requires: (1) an offer and acceptance; (2) consideration; (3) definite and certain terms; (4) performance by the plaintiff of all required conditions; (5) breach; and (6) damages caused by the breach."[1] *Cogswell v. CitiFinancial Mortg. Co*., 624 F.3d 395, 398 (7th Cir. 2010) (citing Illinois and Seventh Circuit

---

[1] The parties agree that Illinois law and Texas law are substantially similar on the elements of a breach-of-contract claim. (Defs.' Memo. at p. 3; Pl.'s Resp. at p. 2.)

opinions). A breach-of-contract claim is subject to the notice pleading requirements of Rule 8, but even a notice pleading must contain enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. That is, "legal conclusions and conclusory allegations merely reciting the elements of the claim" are insufficient, standing on their own. *Virinich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (relying on *Iqbal*, 129 S.Ct. at 1951.)

Essentially, Plaintiff recites the elements of contract formation, namely, an offer, acceptance, and consideration. Plaintiff does not offer any specifics surrounding the actual contract but merely alleges one was formed, modified and that payment was required. Notably, Plaintiff does not mention when payment was to be rendered, how often Triune was to pay Plaintiff, or in what form the payments would be made. Terms of payment are material to contract formation and are essential for stating a cause of action for breach of contract. *Mannion v. Stallings & Co.*, 561 N.E.2d 1134, 1138 (Ill. App. Ct. 1990). Count I fails to sufficiently plead a claim for breach of contract. Accordingly, Count I is dismissed without prejudice.

*Count II (Breach of Fiduciary Duty)*

Plaintiff's Count II for breach of fiduciary duty suffers the same defect as Count I, as it lacks sufficient factual allegations to establish facial plausibility. Plaintiff alleges in the Complaint that "Triune had a fiduciary duty to secure Plaintiff's interest at the time of the sale between Triune and Semtech." (Compl. ¶ 14.) Plaintiff further alleges that "notwithstanding said obligations as stated in paragraph 14, Triune failed to secure plaintiff's interest at the time of its sale to Semtech." (*Id.* ¶ 15.) To state a claim for breach of fiduciary duty, a plaintiff must allege that a fiduciary duty exists, the duty was breached, and that the breach proximately caused

the injury of which the plaintiff complains.[2] *Martin v. Heinhold Commodities, Inc.*, 643 N.E.2d 734, 740 (1994).

Count II, as alleged, contains mere conclusory statements without any supporting factual contention. Plaintiff fails to support the assertion that a fiduciary duty existed between the parties. The paragraphs cited above are not supported by factual statements and fail to meet the pleading requirements imposed upon Plaintiff. Moreover, Plaintiff presents no argument in his Response brief that Count II adequately pleads a claim for breach of fiduciary duty. *See Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1078 (7th Cir. 2016) ("[B]y failing to respond in any way to any of the arguments advanced by Defendants . . . , Plaintiffs have waived their claims."); *Green v. Charter One Bank, N.A.*, 640 F. Supp. 2d 998 (N.D. Ill. 2009) (dismissing count from complaint where the plaintiff did not address the defendant's argument in its opposition, reasoning that "failure to respond permits an inference of acquiescence and 'acquiescence operates as a waiver.'") (quoting *Wojtas v. Capital Guardian Tr., Co*., 477 F.3d 924, 929 (7th Cir. 2007)). Accordingly, Count II is dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [17] is granted. Count I of Plaintiff's Amended Complaint is dismissed without prejudice; Count II of Plaintiff's Amended Complaint is dismissed with prejudice. Plaintiff has leave to file an amended complaint, if he can do so pursuant to Rule 11, within thirty days of this Order.

Date:        10/28/16

John W. Darrah
U.S. District Court Judge

---

[2] The parties do not dispute that Illinois law and Texas law are substantially similar on the elements of a breach-of-fiduciary-duty claim.

5